**NILAN JOHNSON LEWIS PA**
Joel D. Andersen (#262958)
Cody B. Humpherys (#342565)
250 Marquette Avenue South, Suite 800
Minneapolis, MN 55401
Telephone: 612-305-7500
Facsimile: 612-305-7501
jandersen@nilanjohnson.com
chumpherys@nilanjohnson.com

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

DANIEL ASHITEY,

        Plaintiff,

v.

1. ARISTA NETWORKS, INC.
2. TERRY JENKINS,

        Defendants.

No. 5:25-cv-4411-BLF
Hearing Date: April 30, 2026
Hearing Time: 9:00 a.m.

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT**

**INTRODUCTION**

In its "Order Granting Motion To Dismiss Complaint, With Leave To Amend In Part And Without Leave To Amend In Part," ("Order") (ECF No. 31) this Court determined that the allegedly "defamatory" statements in Plaintiff Daniel Ashitey's original Complaint (ECF No. 1) were non-actionable opinion statements, and that those same statements are protected by the common interest privilege, which Plaintiff's pleading could not overcome. For these two separate and independently dispositive reasons, the Court granted Defendants' motion, and dismissed Plaintiff's original complaint. Order at 8-11. Despite "grave reservations" whether Plaintiff could cure the defects in his libel per se claim, the Court granted Plaintiff leave to amend due to the possibility that certain unalleged remarks Plaintiff referenced outside the pleadings might permit Plaintiff to adequately state a claim when alleged in a new complaint. Order at 9, 11.

But Plaintiff's First Amended Complaint ("FAC") (ECF No. 32) **does not allege any new "defamatory" statements** by Defendant Arista Networks, Inc. ("Arista") or Defendant Terry Jenkins. Instead, the FAC merely re-asserts the same statements from Arista and Jenkins that the Court has already rejected. The FAC's only new allegation is a statement Plaintiff claims was made by non-party SDN Pros LLC's ("SDN Pros") CTO Elan Beers, sharing that other SDN Pros instructors had recently been terminated and subsequently rehired. But this allegation cannot be defamation, because it is not a statement published by Defendant Jenkins or Defendant Arista, and because it does not have a tendency to injure Plaintiff's reputation.

It also is not, as Plaintiff argues in his "Opposition To Defendant's Motion To Dismiss and/or Strike Plaintiff's First Amended Complaint" (ECF No. 35) ("Opposition"), support for a theory that Arista and Jenkins provided "shifting reasons" for Plaintiff's termination sufficient to demonstrate malice. Plaintiff cites no authority to support the idea that pleading "shifting reasons"

No.: 5:25-cv-4411
DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS/STRIKE FIRST AMENDED COMPLAINT

for a termination establishes malice necessary to defeat the conditional privilege. Nor could he—a rule that a company is not allowed to avoid exposure to defamation litigation by providing a benign reason (or no reason) for an unsatisfactorily-performing worker's termination to the public would be nonsensical. Moreover, the alleged gossip from Beers does not provide a "reason" for Plaintiff's termination at all; it simply states that other people were let go. As such, Plaintiff offers no cognizable legal theory in support of malice.

Plaintiff's FAC still does not allege a statement sufficient to support a claim for defamation and still does not allege facts that could, if true, defeat the common-interest privilege. Despite an opportunity to replead, Plaintiff has failed yet again to allege facts capable of sustaining a claim for libel per se. His FAC should, once again, be dismissed with prejudice.

## ARGUMENT

### I.    The Court Already Determined That The "Defamatory Statements" Alleged In The FAC Are Non-Actionable Opinion Statements.

In its Order, this Court dismissed Plaintiff's claim for libel per se, finding that the statements in question were non-actionable opinion:

> On June 18, 2024, Jenkins joined a Slack conversation between Ashitey and other SDN Pros personnel on a Slack channel labeled "911." Jenkins questioned Ashitey's inability to resolve a technical issue and cautioned Ashitey, "**Just to be clear, if you are teaching for me I expect you to know the technology you are teaching beyond the students**." Later the same day on June 18, 2024, in another Slack conversation between Jenkins, Ashitey, and two SDN Pros employees, Jenkins advised Ashitey, "Daniel, we do not need you to finish the course this week, we are putting another instructor in to finish the course." **After referring to**

**concerns expressed by customers**, Jenkins stated that "**this does not support the level of technical accuracy or quality that we represent**." Ashitey responded, "Thanks for the opportunity," to which Jenkins replied, "You're welcome good luck in the future."

[…]

[T]he Court concludes that Claim 2 for **libel per se is subject to dismissal** on the ground that the claim is **based on Jenkins' non-actionable statements of opinion**. In addition, it appears on the face of the complaint that the **common interest privilege applies**, and **Ashitey has not pled facts showing that Jenkins acted with malice**.

Order at 8, 10 (internal citation omitted) (emphases added).

This decision followed prevailing case law. As the Court noted:

An employer's performance evaluation cannot support a claim for libel unless it "accuses an employee of criminal conduct, lack of integrity, dishonesty, incompetence or reprehensible personal characteristics or behavior[.]" *Gould v. Maryland Sound Indus., Inc.*, 31 Cal. App. 4th 1137, 1153 (1995), as modified (Feb. 9, 1995) (internal quotation marks and citation omitted). "This is true even when the employer's perceptions about an employee's efforts, attitude, performance, potential or worth to the enterprise are objectively wrong and cannot be supported by reference to concrete, provable facts." *Id.* (internal quotation marks and citation omitted).

*Id.* at 8-9.

Neither of the Slack statements are actionable defamation under this standard. One conveys Jenkins' expectations that instructors know more about Arista technology than their students, and the other asserts Jenkins' view that Plaintiff's performance did not align with the level of accuracy and quality that the company prefers. FAC ¶¶ 28, 32. Both describe only Plaintiff's performance and effort, or, alternatively, set forth rhetorical hyperbole about it. *Gould*, 31 Cal. App. 4th at 1153–54; *Seelig v. Infinity Broad. Corp.*, 97 Cal. App. 4th 798, 809 (2002). The Court correctly rejected Plaintiff's contentions that the statements concerned Plaintiff's competence (as he conclusorily alleged in both iterations of his complaint), and determined that "Jenkins' statements are non-actionable opinion about Plaintiff's performance." Order at 9.

Having noted that Plaintiff raised allegations of new defamatory statements in his August 2025 Opposition brief which did "not appear in the complaint"—including "'Plaintiff's incompetence and unfit in his profession'; 'Terry Jenkins, published in slack statements harmful to the Plaintiff's profession'; and 'Plaintiff's consultancy was 'terminated due to ethical concerns'"—the Court granted Plaintiff leave to amend with respect to his cause of action for libel per se to add these allegations to his cause of action. Order at 9, 11. ("Defendants' motion to dismiss the complaint is GRANTED as follows: […] the motion is GRANTED WITH LEAVE TO AMEND as to Claim 2 for libel per se.").

The Court's "grave reservations whether Ashitey could cure the defects in Claim 2 for libel," Order at 11, were warranted. Plaintiff filed his FAC on January 14, 2026. *See* FAC. Rather than introducing new defamatory statements in his FAC, Plaintiff's FAC re-packages the very same statements alleged in his original complaint. Order at 9-10; *compare* FAC ¶¶ 11, 12, 16, 17, 19, 22, 27, 28, 30, 32, 41, 42, 44, 45, 46, 53, 54, 56 *with* Order at 8. And in his Opposition, Plaintiff merely makes a new argument about an already-rejected statement, asserting that when Jenkins

No.: 5:25-cv-4411
DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS/STRIKE FIRST AMENDED COMPLAINT

told Plaintiff "We have received several customer concerns and this does not support the level of technical accuracy or quality that we represent," Jenkins engaged in "actionable implied-fact defamation." Opposition at 1, 8.

Plaintiff purports to quote two cases for this proposition, and argues those cases hold statements to be actionable when they imply knowledge of facts leading to the conclusion expressed, or suggest the speaker has knowledge of undisclosed facts. *Id*. at 9. Plaintiff then adds that when Jenkins referenced "customer concerns," "feedback," and "evaluations," Jenkins conveyed "verifiable factual assertions, not protected opinion." *Id*. Neither of the quotations in Plaintiff's Opposition appear in the cases to which Plaintiff cites. *Id*. Moreover, "implied-fact defamation" has no application to this case; the statement about customer concerns does not imply anything, but rather states Jenkins' concerns expressly. In addition, Plaintiff could have made this very argument in the brief he filed in August 2025, or in his oral argument in November 2025. He did not, and raises it for the first time now. Whatever the provenance of his purported case quotations, his new theory does not undermine the Court's previous Order dismissing the statement about "customer concerns" as non-actionable. Order at 3, 8-11; *see Gould*, 31 Cal. App. 4th at 1153–54 (statements regarding employer's view of employee's performance are not defamatory "even when the employer's perceptions … are objectively wrong and cannot be supported by reference to concrete, provable facts.").

For the same reasons set forth in the Order, the single comment referencing "customer concerns" is insufficient to state a claim on which relief can be granted. This failure, on its own, is dispositive, and Plaintiff's FAC should be dismissed with prejudice.

**II.     The Court Already Determined That The "Defamatory Statements" Alleged In The FAC Are Subject to the Common Interest Privilege, Which Plaintiff's FAC Fails To Sufficiently Plead Malice To Overcome.**

The Court's Order also held that "it appears on the face of the complaint that the common interest privilege applies, and Ashitey has not pled facts showing that Jenkins acted with malice." Order at 10. That same conclusion is true here. In fact, in his Opposition, Plaintiff does not dispute that the common interest privilege applies to the statement(s) at issue. *See generally* Opposition. Instead, he argues he has alleged facts showing malice sufficient to defeat common interest privilege. Opposition at 8, 9, 11. To establish "actual malice," Plaintiff must show the publication at issue "was motivated by hatred or ill will toward the plaintiff," or "that the defendant lacked reasonable grounds for belief in the truth of the publication and therefore acted in reckless disregard of the plaintiff's rights." *Bikkina v. Mahadevan,* 241 Cal. App. 4th 70, 90-91 (2015). This is Plaintiff's burden to meet, and the facts he pleads, even if taken as true, fall short.

Plaintiff's only new allegation about malice in the FAC is his contention that SDN Pros CTO Beer told Plaintiff that some other instructors were terminated and subsequently rehired. Plaintiff combines this with an old allegation that an unnamed person told his former students that he had become sick, and unable to finish teaching certain courses, and argues these allegations in his FAC sufficiently plead "shifting explanations" with respect to Defendants' reasoning for ending Plaintiff's engagement with Arista, and that these "shifting reasons" support an inference of malice. Opposition at 8, 11. But Plaintiff has not cited to a single case indicating that "shifting narratives" is sufficient to establish malice. Thus, he offers no cognizable legal theory in support of malice.

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS/STRIKE FIRST AMENDED COMPLAINT

Plaintiff's unsupported "shifting explanations" theory of malice does not make sense. First, Beer's comment is about *other instructors*, and is not about, or connected to, Plaintiff in any way; thus, it is not an alternative "explanation" for Plaintiff's termination. In addition, Beer's comment does not conflict with the notion that Defendants ended Plaintiff's engagement for performance-related reasons; if anything, it corroborates this—hence why Plaintiff was not rehired while other instructors were. Plaintiff's old allegation (made in both the First Amended Complaint and the original complaint) that some unknown person told students Plaintiff could not finish teaching his courses because he was sick, similarly, does not demonstrate "ill will" or "hatred" toward Plaintiff. It indicates an attempt by someone to preserve Plaintiff's reputation and maintain student confidence in Arista instructors, not malice. Courts need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Plaintiff's "shifting explanations" theory of malice is wholly unsupported by law, and demands this Court to make unreasonable factual inferences from benign statements. It should be rejected.

Plaintiff's failure to adequately plead malice, is also independently dispositive, and Plaintiff's FAC should be dismissed with prejudice.

**III.    The "Procedural Defects" Plaintiff Alleges Do Not Apply To The Motion.**

Plaintiff also argues Defendants' "Motion To Dismiss and/or Strike Plaintiff's First Amended Complaint" ("Motion") (ECF No. 33) is "contrary to the procedural framework established by the Court." Opposition at 2. He asserts, incorrectly, that (1) the Court never dismissed his cause of action for libel per se, but rather, granted leave to amend without dismissing

it,[1] and (2) because the Court allowed amendment of his original complaint, the legal sufficiency of Plaintiff's First Amended Complaint cannot be challenged on motion to dismiss.[2] Opposition at 1, 2, 4. This contradicts the Court's Order, which (1) unambiguously granted Defendants' motion to dismiss as to libel per se, and (2) granted leave to amend, but expressed serious doubt as to whether Plaintiff would be able to amend in a manner that avoids subsequent dismissal. Order at 11 ("The Court has grave reservations whether Ashitey could cure the defects in Claim 2 for libel."). It also ignores prevailing case law recognizing the propriety of motions to dismiss amended complaints. *Yockey v. Salesforce, Inc.*, 745 F. Supp. 3d 945, 950 (N.D. Cal. 2024).[3]

---

[1] Per Plaintiff, "The Court previously sustained Defendant's Motion to dismiss in its Order dated December 11, 2025, only as to one cause of action, Intentional Interference with Contractual Relations and granted Plaintiff leave to amend remaining Claim (Claim 2) for Libel Per Se." Opposition at 1.

[2] Plaintiff frames his Opposition, in relevant part, around the following two issues: "1. Whether Defendants' motion should be denied because Plaintiff's First Amended Complaint was filed exactly as authorized by the Court's Order dated December 11 2025 which granted leave to amend Claim 2 for libel per se and set January 15, 2026 deadline for amendment. 2. Whether Defendants improperly seek dismissal of a claim the Court expressly permitted Plaintiff to amend, contrary to the procedural framework established by the Court." Opposition at 2. Plaintiff then argues, "Because the Court expressly granted leave to amend, Defendants cannot use a Rule 12(b)(6) motion to … re-litigate the scope of that amendment." *Id*. at 4.

[3] Relatedly, Plaintiff mischaracterizes Defendants' Motion as a disfavored "*serial* Rule 12 motion" brought only for the abusive purpose of delaying proceedings in this matter. Opposition at 1, 2, 10,

Plaintiff also characterizes the present Motion as "an attack on the Court's own prior rulings," noting that the Court "held that [libel per se] could be amended," and claiming Defendants, in contravention of the law-of-the-case doctrine, "now attempt to re-argue issues the Court has already resolved." Opposition at 10. It is black letter procedural law that an amended complaint becomes the operative complaint, and may be subject to motion to dismiss. *Yockey*, 745 F. Supp. 3d at 950. By contrast, it is Plaintiff who seeks to re-argue issues the Court has already resolved, by re-asserting the legal sufficiency of "defamatory" statements the Court has already rejected. Opposition at 8-11. If anything, application of the law-of-the-case doctrine should lead to Defendants' Motion being granted.

**IV.    Defendants Properly Reference Plaintiff's Own Screenshots of the Statements at Issue, Which Are Incorporated by Reference into the First Amended Complaint.**

Unlike Plaintiff's original complaint, which recited near-complete excerpts from, and attached screen shots of the subject Slack communications containing the alleged defamatory statements, the First Amended Complaint omits all context for the alleged defamatory remarks. It is appropriate for a Court to consider a statement's context when deciding whether "the statement at issue . . . is capable of sustaining a defamatory meaning." *Khoja v. Orexigen Therapeutics, Inc.,* 899 F.3d 988, 1002 (9th Cir. 2018) (citation and quotations omitted). The contents of the Slack communications containing the alleged defamatory statements were attached as Exhibits E and F

---

11. But Plaintiff makes no coherent argument in support of the notion that the present motion is a strategically abusive "delay" motion, and ignores the sound arguments made in the Motion and recognized by the Court in the Order. Also, Plaintiff references California procedural law throughout his Opposition. These references are irrelevant.

to the original complaint. These statements are still the core of Plaintiff's claim, and Plaintiff again refers to them extensively. Defendants are not "improperly relying on the now-superseded original complaint," as Plaintiff contends; rather, Plaintiff incorporates those Exhibits by reference by referring to them repeatedly in the FAC, and because they form the basis of Plaintiff's claim. Opposition at 5; *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Khoja,* 899 F.3d at 1002, citing *Knievel v. ESPN,* 393 F.3d 1068 (9th Cir. 2005).

Plaintiff further suggests that Defendant improperly cites to Plaintiff's screenshots to "manufacture factual disputes," which, Plaintiff explains, is prohibited on motion to dismiss. Opposition at 1-8, 11. Plaintiff recites this conclusory argument no fewer than 21 times throughout his Opposition, but he does not identify a single "factual dispute" purportedly manufactured by Defendants, nor can he. Defendants do not seek to establish "factual disputes." *See generally* Opposition. Defendants argue that the allegations in Plaintiff's FAC, even if true and given all reasonable inferences, are insufficient to state a claim for defamation, which is a question decided as a matter of law at this stage. *See Gould*, 31 Cal. App. 4th at 1153. Accordingly, Plaintiff's assertions that Defendants are attempting to transform the present motion into a "mini-trial" or "summary judgment motion" to "create a factual dispute at the pleading stage" are unfounded, and should be disregarded.[4]

---

[4] If the Court disagrees, and determines that either the screenshots must be disregarded or the present motion be converted into a summary judgment motion, Defendants respectfully request that the Court simply disregard the screenshots.

## CONCLUSION

For these reasons, and the reasons in Defendants' Motion, Defendants respectfully request that the Court grant their Motion and dismiss Plaintiff's Complaint in full, with prejudice.


Dated: February 26, 2026                    **NILAN JOHNSON LEWIS PA**

                                            */s/ Cody B. Humpherys*
                                            Joel D. Andersen (#262958)
                                            Cody B. Humpherys (#342565)
                                            250 Marquette Avenue South, Suite 800
                                            Minneapolis, MN 55401
                                            Telephone: 612-305-7500
                                            Facsimile: 612-305-7501
                                            jandersen@nilanjohnson.com
                                            chumpherys@nilanjohnson.com

                                            **Attorneys for Defendants**

– 11 –

# PROOF OF SERVICE

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

*Daniel Ashitey v. Arista Networks, Inc. and Terry Jenkins*

**(Court File No.: 5:25-cv-4411)**

I am employed with the law firm of NILAN JOHNSON LEWIS PA, whose address is 250 Marquette Avenue South, Suite 800, Minneapolis, Minnesota 55401. I am over the age of 18 years and not a party to the within action. On February 26, 2026, I served the document named below on the parties in this action as follows:

**DOCUMENT(S) SERVED:**
**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT**

**UPON:**

*Plaintiff Daniel Ashitey*
Adisa A. Kareem
Adisa Kareem Law Firm PLLC
9500 Ray White Road, Suite 200
Fort Worth TX 76244

Michael D. Lipzen
Lipzen Law PLLC
9891 Irvine Center Drive
Suite 200
Irvine CA 92618

*Attorneys for Plaintiff*

☐ (BY MAIL) I placed such envelope(s) for collection and mailing on this date following ordinary business practices.

☐ (BY PERSONAL SERVICE) I delivered such envelope by hand to the office of the addressee.

☐ (BY UPS) I am readily familiar with the practice of Nilan Johnson Lewis PA for collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

☐ (BY FACSIMILE) The above referenced document was transmitted by facsimile transmission and the transmission was reported s complete and without error. Pursuant to C.R.C. 2009(i), I caused the transmitting facsimile machine to issue properly a

– 1 –

transmission report, a copy of which is attached to this Declaration.

☒    (BY ELECTRONIC SERVICE) through the Northern District of California's electronic case filing system.

☐    (BY ELECTRONIC MAIL) by causing a true and correct copy thereof to be transmitted electronically to the attorney(s) of record at the e-mail address(es) indicated below.

Executed on February 26, 2026, at Minneapolis, Minnesota.

                                      */s/ Marina Davis*

– 2 –

No.: 5:25-cv-4411

DEFENDANTS' PROOF OF SERVICE