**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| DANIEL ASHITEY,<br><br>                    Plaintiff,<br><br>          v.<br><br>ARISTA NETWORKS, INC. and TERRY JENKINS,<br><br>                    Defendants. | Case No.  25-cv-04411-BLF<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND; TERMINATING DEFENDANTS' ALTERNATIVE MOTION TO STRIKE; AND DISMISSING ACTION WITH PREJUDICE**<br><br>[Re:  ECF 33] |

Defendants Arista Networks, Inc. ("Arista") and Terry Jenkins ("Jenkins") move to dismiss the first amended complaint ("FAC") of Plaintiff Daniel Ashitey ("Ashitey") under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, to strike certain allegations of the FAC under Federal Rule of Civil Procedure 12(f).  The hearing on Defendants' motion, previously set for April 30, 2026, has been vacated.  *See* Order Vacating Hearing, ECF 48.

Defendants' motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND. Defendants' alternative motion to strike is TERMINATED AS MOOT.  Finally, the action is DISMISSED WITH PREJUDICE.

**I.     BACKGROUND[1]**

Plaintiff Ashitey is an independent contractor who provides industry training regarding cloud computing and networking.  *See* FAC ¶¶ 7-10, ECF 32.  He contracted with non-party SDN

---

[1] This section is drawn from the allegations of the FAC, which are accepted as true for purposes of the Rule 12(b)(6) motion, and from documents incorporated into the FAC by reference.  *See Louisiana Mun. Police Employees' Ret. Sys. v. Wynn*, 829 F.3d 1048, 1063 (9th Cir. 2016).

Pros to provide training for Defendant Arista, a client of SDN Pros. *See id*. ¶ 9. Arista, which designs and sells networking switches, offers cloud engineering certification courses in several regions around the world. *See id*. at p. 2.[2] Ashitey taught one or more Arista courses for an unspecified period of time. *See id*. ¶¶ 7-12.

Defendant Jenkins is Arista's head of training and certification. *See* FAC at p. 3. He communicated with Ashitey and others through the Slack messaging platform. *See* FAC ¶¶ 12, 16. On June 13, 2024,[3] Jenkins sent Slack messages to Ashitey and other SDN Pros personnel criticizing Ashitey's performance and stating that Arista had received customer complaints about Ashitey. *See id*. ¶¶ 12, 16. Jenkins advised Ashitey that his training services were no longer needed. *See id*. Arista cut off Ashitey's access, removed him from all courses, and did not engage him for any future training. *See id*. ¶ 16.

Ashitey filed this suit against Arista and Jenkins in May 2025, asserting that Jenkins' Slack messages gave rise to California state law claims for libel per se and tortious interference with contractual relations. *See* Compl., ECF 1. Ashitey attached screen shots of the Slack messages as exhibits to his complaint. *See* Compl. Exs. E-F. After reviewing the exact wording of Jenkins' allegedly tortious statements as reflected in the screen shots, the Court granted Defendants' motion to dismiss both claims, with leave to amend only as to the libel claim. *See* Order Granting Motion to Dismiss at 9-11, ECF 31. The Court expressed grave reservations regarding Ashitey's ability to cure the defects in the libel claim, because it appeared on the face of the complaint that Jenkins' statements constituted "non-actionable opinion about Ashitey's performance" and that Jenkins' statements fell within the common interest privilege. Order Granting Motion to Dismiss at 9-11, ECF 31. However, the Court granted Ashitey an opportunity to amend because it was not clear that amendment would be futile. *See id*. at 11.

___

[2] The Court cites to the relevant page numbers of the FAC where paragraph numbers are not provided.

[3] While the FAC alleges that the relevant Slack messages were sent on June 13, 2024, the original complaint alleged that the messages were sent on June 18, 2024. *See* Compl. ¶¶ 19-21. Screen shots of the Slack messages attached to the original complaint indicate that the messages were sent on June 19, 2024. *See* Compl. Ex. E (Slack Messages). These discrepancies are not material to the analysis.

Ashitey timely filed the operative FAC, which contains a single claim for libel per se based on Jenkins' Slack messages. *See* FAC ¶¶ 12, 16, 28, 45, 49, 53. Oddly, Ashitey has omitted all screen shots of the Slack messages from the FAC. The contents of those messages, which form the basis for his libel claim, are set forth only in vague and disjointed allegations scattered throughout the FAC. *See* FAC ¶¶ 12, 16, 28, 30, 53.

Defendants seek dismissal of Ashitey's libel claim with prejudice under Rule 12(b)(6). In the alternative, Defendants ask the Court to strike certain allegations from the FAC.

## II.    LEGAL STANDARD

### A.    Motion to Dismiss under Rule 12(b)(6)

Dismissal of a complaint is appropriate under Federal Rule of Civil Procedure 12(b)(6) "if the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim." *Sinclair v. City of Seattle*, 61 F.4th 674, 678 (9th Cir. 2023). The court must "take all allegations of fact as true and construe them in the light most favorable to the nonmoving party." *Id*. The court may consider the complaint in its entirety, documents incorporated into the complaint by reference, and matters that are subject to judicial notice. *See Louisiana Mun. Police Employees' Ret. Sys. v. Wynn*, 829 F.3d 1048, 1063 (9th Cir. 2016).

### B.    Motion to Strike under Rule 12(f)

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (internal quotation marks and citation omitted). "If there is any doubt whether the challenged matter might bear on an issue in the litigation, the motion to strike should be denied, and assessment of the sufficiency of the allegations left for adjudication on the merits." *Ambrozewicz v. 6Sense Insights, Inc.*, 804 F. Supp. 3d 1026, 1030-31 (N.D. Cal. 2025).

United States District Court
Northern District of California

### III.   DISCUSSION

Defendants Arista and Jenkins move to dismiss the FAC's sole claim for libel per se, contending that Ashitey has failed to cure the deficiencies described in the Court's prior dismissal order.  In the event the Court denies the motion to dismiss, Defendants move to strike any alleged defamatory statements that the Court finds insufficient to support a libel claim.

Ashitey contends that the motion is both procedurally and substantively deficient.  On the procedural front, he argues first that Defendants improperly rely on the screen shots of Jenkins' Slack messages despite their omission from the FAC, and second that the motion violates the law-of-the-case doctrine because the Court already determined that the libel claim could go forward if amended.  On the substance of the motion, Ashitey argues that he has stated a claim for libel per se and that motions to strike are disfavored.

#### A.   Procedural Issues

As discussed below, Ashitey's procedural arguments are without merit.

#### 1.   Screen Shots of Slack Messages

Ashitey objects to Defendants' reliance on the screen shots of Jenkins' Slack messages to establish the exact wording and context of Jenkins' allegedly libelous statements.  In Ashitey's view, the screen shots he submitted as exhibits to his original complaint may not be considered because they have been omitted from the superseding FAC.  Defendants assert that the screen shots may be considered as incorporated by reference into the FAC.  Ashitey argues that Defendants' invocation of the incorporation by reference doctrine is an improper attempt to "weaponize" exhibits from a superseded complaint.  *See* Pl.'s Opp. at 7-8, ECF 35.

"[I]ncorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).  "The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken – or doom – their claims." *Id*.

The FAC makes clear that Ashitey's libel claim is based on Jenkins' Slack messages discussing Ashitey's performance and terminating Ashitey's services.  *See* FAC ¶¶ 12, 16, 28, 45,

United States District Court
Northern District of California

49, 53. The Court agrees with Defendants that the screen shots displaying the Slack messages therefore are incorporated by reference into the FAC. Application of the incorporation by reference doctrine is particularly appropriate here, where it appears that Ashitey's omission of the screen shots from the FAC may be a deliberate attempt to obfuscate the precise wording of Jenkins' allegedly libelous statements in order to avoid dismissal on grounds previously articulated by the Court.

Accordingly, the Court will consider the screen shots of Jenkins' Slack messages under the incorporation by reference doctrine.

### 2. Law of the Case Doctrine

Ashitey contends that the current motion to dismiss is "an attack on the Court's own prior ruling" because the Court's prior dismissal order "expressly held that Claim 2 could be amended." *See* Pl.'s Opp. at 10. Ashitey asks the Court to deny the motion to dismiss on that basis, relying on the law of the case doctrine. *See id*. Defendants argue that the doctrine is inapplicable.

"Under the law of the case doctrine, a court will generally refuse to reconsider an issue that has already been decided by the same court or a higher court in the same case." *Gonzalez v. Arizona*, 677 F.3d 383, 389 n.4 (9th Cir. 2012) (en banc).[4] The doctrine has no application here. This Court has not previously considered, much less decided, whether the allegations of the operative FAC are sufficient to state a claim for libel. Granting Ashitey leave to amend the libel claim cannot be construed as a determination that such amendment would be adequate. To the contrary, the Court expressed "grave reservations whether Ashitey could cure the defects in Claim 2 for libel," but nonetheless granted leave to amend because it was not clear that amendment would be futile. Order Granting Motion to Dismiss at 11.

Accordingly, the Court finds Ashitey's reliance on the law of the case doctrine to be misplaced. The Court will consider the substantive merits of Defendants' motion.

---

[4] This Court relies on *Gonzalez* rather than the case cited by Ashitey, *United States v. Alexander*, 106 F.3d 874 (9th Cir. 1997), because *Gonzalez* abrogated in part *Alexander*'s holdings relating to the law of the case doctrine. *See United States v. Gartenlaub*, No. 22-55799, 2024 WL 4987258, at *1 n.2 (9th Cir. Dec. 5, 2024) (recognizing that the en banc decision in *Gonzalez* superseded the panel decision in *Alexander*).

United States District Court
Northern District of California

**B.      Substantive Issues**

Defendants argue that Ashitey has failed to cure the pleading defects in his claim for libel per se.  The Court previously determined that Jenkins' Slack messages were non-actionable statements of opinion and in any event fell within the common interest privilege.  Ashitey contends that he has cured these pleading defects.

### 1.      Failure to Allege Actionable Statements of Fact

"To prove defamation under California common law, the claimant must show that (1) the accused party intentionally published (2) a statement of fact that is (3) false, (4) unprivileged, and (5) has a tendency to injure." *Lutfi v. Al Naimi*, No. CV 17-08208 SJO (JPRx), 2018 WL 6265082, at *4 (C.D. Cal. Jan. 17, 2018) (internal quotation marks and citation omitted).  "A defamatory statement that requires no explanation as to the defamatory or offensive nature of the statement is libel per se." *Id*. (internal quotation marks and citation omitted).  "The elements of libel per se are otherwise identical to the claim of defamation." *Id*. (internal quotation marks and citation omitted).

Ashitey's libel per se claim is based on Jenkins' statements in Slack relating to Ashitey's performance.  The FAC alleges that Jenkins "published statements in a Slack channel accessible to SDN Pros personnel and other third parties asserting that Plaintiff lacked the required technical accuracy or quality,' stating 'I expect you to know the technology you are teaching beyond the students while claiming that Arista had 'received customer complaints' about Plaintiff."  FAC ¶ 53.  This allegation mashes up statements made by Jenkins in two separate Slack channels, as shown by the screen shots of the Slack messages that are incorporated by reference into the FAC and discussed below. *See* Compl. Exs. E, F (Slack Messages), ECF 1-5, 1-6.

In a Slack channel labeled 911, Jenkins stated:  "just to be clear if you are teaching for me I expect you to know the technology you are teaching beyond the students."  Compl. Ex. E (Slack Messages), ECF 1-5.  It is unclear whether that statement was directed solely to Ashitey, as Jenkins immediately thereafter advised, "You guys need to do these labs and know them back and forth, it is your job to support the students in this way." *Id*.  In the same message thread, Jenkins stated, "Everyone reading this that carries an instructor contract assume this is to you as well.  If

United States District Court
Northern District of California

you do not know the products and technologies in our courses I would suggest you urgently spend some time learning them or you will no longer be teaching Arista." *Id*.

In a different Slack channel, in a message thread between Jenkins, Ashitey, and two SDN Pros employees, Jenkins advised Ashitey: "Daniel, we do not need you to finish the course this week, we are putting another instructor in to finish the course." Compl. Ex. F (Slack Messages). Jenkins went on to say, "We have received several customer concerns and this does not support the level of technical accuracy or quality that we represent." *Id*. Ashitey responded, "Thanks for the opportunity," to which Jenkins replied, "You're welcome good luck in the future." *Id*.

The Court previously determined that the above statements in Slack "are non-actionable opinion about Ashitey's performance." Order Granting Motion to Dismiss at 9. In making that determination, this Court relied on well-established case law holding that an employer's performance evaluation cannot support a claim for libel unless it "accuses an employee of criminal conduct, lack of integrity, dishonesty, incompetence or reprehensible personal characteristics or behavior[.]" *Gould v. Maryland Sound Indus., Inc.*, 31 Cal. App. 4th 1137, 1153 (1995), *as modified* (Feb. 9, 1995) (internal quotation marks and citation omitted). Ashitey cannot avoid the impact of the Court's prior ruling by omitting the screen shots of the Slack messages from the FAC and attempting to reframe the Slack messages by summarizing them in only vague terms.

Ashitey speculates that Arista lied about receiving customer complaints. *See* FAC ¶¶ 30-32, 55-57. However, he does not allege facts sufficient to give rise to a reasonable inference that Arista lied. Ashitey alleges that he received positive evaluations in February 2024, several months before Arista terminated his services, and that one course participant contacted him afterward to praise Ashitey's training. *See id*. ¶¶ 13-15, 32, 55. That some customers may have liked Ashitey's training does not mean everyone did. Ashitey admits in his FAC that he does not have access to the evaluations of his training received by Arista between February and June 2024, when he was removed from Arista's programs. *See id*. ¶ 26. Ultimately, it does not matter whether Arista's negative performance evaluation was supported by customer complaints. An employer's performance evaluation cannot support a libel claim "even when the employer's perceptions about an employee's efforts, attitude, performance, potential or worth to the enterprise are objectively

7

wrong and cannot be supported by reference to concrete, provable facts." *Gould*, 31 Cal. App. 4th at 1153 (internal quotation marks and citation omitted).

The FAC adds a new allegation that Elan Beer of SDN Pros, Inc. told Ashitey that Arista fired all experienced instructors and then rehired them all except for Ashitey. *See* FAC ¶¶ 8, 38. The significance of that allegation is unclear. It has no bearing on whether Arista's negative evaluation of Ashitey's performance was actionable.

The FAC alleges that an unidentified person at Arista "informed customers that Plaintiff was 'sick' and therefore unable to complete the course, an explanation that was knowingly false and directly inconsistent with what Arista told Plaintiff, namely that it had 'received customer complaints' about him." FAC ¶ 54. Ashitey does not allege that he was harmed by the alleged statement that he was sick, and the Court cannot perceive how the statement was defamatory even if made. Ashitey contends that the statement was not true, but to give rise to liability for libel the statement must be both false and injurious.

In summary, the Court once again finds that Ashitey has failed to allege actionable statements of fact that are sufficient to support a claim of libel per se.

### 2. Failure to Allege Malice to Defeat the Common Interest Privilege

California Civil Code § 47(c) provides a conditional privilege for statements made "[i]n a communication, without malice, to a person interested therein, (1) by one who is also interested, or (2) by one who stands in such a relation to the person interested as to afford a reasonable ground for supposing the motive for the communication to be innocent, or (3) who is requested by the person interested to give the information." Cal. Civ. Code § 47(c). "The 'interest' must be something other than mere general or idle curiosity, such as where the parties to the communication share a contractual, business, or similar relationship or the defendant is protecting his own pecuniary interest." *Bikkina v. Mahadevan*, 241 Cal. App. 4th 70, 90 (2015). The defendant bears the initial burden of showing that statement falls within the privilege, then the burden shifts to the plaintiff to show that the statement was made with malice. *See id*. The plaintiff must establish "actual malice" by showing either "that the publication was motivated by hatred or ill will towards the plaintiff" or "that the defendant lacked reasonable grounds for belief

8

in the truth of the publication and therefore acted in reckless disregard of the plaintiff's rights." *Id*. at 91 (internal quotation marks and citation omitted).

In its prior dismissal order, this Court determined that the application of the common interest privilege appeared on the face of the complaint. *See* Order Granting Motion to Dismiss at 10. In particular, the Court noted that Ashitey, Defendants, and SDN Pros were in a business relationship; Ashitey was an independent contractor assigned by SDN Pros to teach Arista's courses; Jenkins, in his role as head of training for Arista, would be expected to evaluate Ashitey's performance; and that as a result Jenkins' statements appeared to fall within the common interest privilege. *See id*. The Court concluded that Ashitey had not alleged facts showing malice as required to defeat the common interest privilege. *See id*.

The Court agrees with Defendants that Ashitey has not cured that pleading defect. The FAC does not allege facts giving rise to a reasonable inference that Jenkins acted with malice when sending the Slack messages giving rise to the libel claim. "A general allegation of malice will not suffice; plaintiff must allege detailed facts showing defendant's ill will towards him." Id. (internal quotation marks and citation omitted). *Bowles v. Constellation Brands, Inc.*, 444 F. Supp. 3d 1161, 1178 (E.D. Cal. 2020). Ashitey alleges that Jenkins had no reasonable grounds for criticism because Ashitey "consistently received excellent performance evaluations from SDN Pros and Arista[.]" FAC ¶ 56. Ashitey's characterization of his performance evaluations as consistently excellent lacks factual support, as Ashitey concedes that "Arista alone possesses the customer evaluations and feedback forms for Plaintiff's courses." *Id*. Moreover, even if the Court were to accept as true Ashitey's allegation that he received excellent evaluations in the past, those evaluations do not speak to Ashitey's performance at the time Jenkins expressed dissatisfaction and reported customer concerns. Ashitey simply has not alleged a factual basis for his conclusory assertions that Jenkins lacked a reasonable basis for his criticisms or lied about receiving customer complaints, as required to plead malice here.

Ashitey argues that malice may be inferred from Defendants' "shifting explanations" for his termination, including Jenkins' statement that Ashitey lacked the necessary technical accuracy or quality; Jenkins' statement that customers expressed concerns about Ashitey; Defendants'

United States District Court
Northern District of California

alleged statement that Ashitey was sick; and Defendants' alleged statement that they were terminating all experienced instructors and then rehiring all except Ashitey. *See* Pl.'s Opp. at 8. As an initial matter, the first two explanations – that Ashitey lacked the necessary technical accuracy and that customers expressed concerns about Ashitey – were offered by Jenkins in a single sentence at the time of Ashitey's termination. *See* Compl. Ex. F (Slack Messages). Specifically, Jenkins advised Ashitey, "We have received several customer concerns and this does not support the level of technical accuracy or quality that we represent." *Id*. Ashitey responded, "Thanks for the opportunity," to which Jenkins replied, "You're welcome good luck in the future." *Id*. In context, Jenkins' statements regarding Ashitey's technical accuracy and customer concerns cannot plausibly be construed as "shifting explanations."

Defendants' alleged statement to students that Ashitey was sick properly can be characterized as a shift from the explanation offered to Ashitey himself. However, there are many reasons why Arista might have offered a benign explanation for Ashitey's removal, including avoiding the risk of defamation litigation or protecting Ashitey's reputation. Ashitey has not cited a single case holding that "shifting explanations" – and in particular the substitution of a benign explanation like illness for a negative performance evaluation – can give rise to a plausible inference of malice. Finally, Defendants' alleged statements regarding firing and rehiring other instructors do not offer any kind of explanation for Ashitey's termination.

When all is said and done, it is clear that Ashitey's allegation of malice is supported only by his own beliefs that he was a good instructor and that malice on the part of Jenkins is the only explanation for his termination. Ashitey's subjective beliefs do not give rise to a plausible inference that Jenkins bore him ill will or acted in reckless disregard for his rights. Accordingly, even if the Court were to conclude that Jenkins' alleged statements satisfy the elements of libel per se (and they do not), the Court would find that the statements fell within the common interest privilege.

For the forgoing reasons, the motion to dismiss under Rule 12(b)(6) is GRANTED. The Court need not and does not reach the alternative motion to strike under Rule 12(f).

United States District Court
Northern District of California

### C.      Leave to Amend

The Court next must determine whether further leave to amend is warranted under the *Foman* factors:  (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, and (5) futility of amendment.  *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The record does not suggest undue delay (first factor) or bad faith (second factor) on the part of Ashitey.  However, Ashitey has failed to cure the deficiencies in his libel claim despite clear guidance from the Court in its prior dismissal order (third factor).  Requiring Defendants to continue litigating a libel claim that clearly has no merit would impose undue prejudice on Defendants (fourth factor).  Finally, the Court is persuaded that further amendment of the libel claim would be futile (fifth factor).

After weighing the *Foman* factors, the Court finds it appropriate to grant the motion to dismiss WITHOUT LEAVE TO AMEND.

## IV.   ORDER

(1)      Defendants' motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND;

(2)      Defendants' alternative motion to strike is TERMINATED AS MOOT;

(3)      The action is DISMISSED WITH PREJUDICE; and

(4)      This order terminates ECF 33.

Dated:  April 27, 2026

_____
BETH LABSON FREEMAN
United States District Judge

11